UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 18-11633-NMG |
| JEFF SESSIONS, US Attorney ) | |
| General, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

For the reasons set forth below, the Court orders that this action be DISMISSED.

I.  **Background**

Pro se litigant Timothy Doyle Young, who is currently confined at USP Florence ADMAX in Colorado, has filed a 167-page civil complaint containing fifty separate claims.  Young's lawsuit concerns alleged conditions of confinement at USP Florence ADMAX, including medical care, retaliation and other violations of First Amendment rights, and deprivation of personal property.  He also claims that the Federal Judiciary has violated his rights by refusing to file his petitions for review, and allegedly covering up criminal acts of the executive and judicial branches of the federal government.  Plaintiff names four parties as defendants: United States Attorney General

Jeff Sessions, the Department of Justice, the United States, and the "Judicial Council."  With regard to the latter, the Court assumes Plaintiff is referring to the Judicial Council of the First Circuit.[1]

## II. Discussion

### A. Filing Fee

Plaintiff has neither paid the $400 filing fee nor sought to leave proceed in forma pauperis.  In light of Plaintiff's litigation history in the federal courts, the absence of any attempt by him to resolve the filing fee can hardly be construed as an oversight.  According to information found on PACER, which

---

[1] Plaintiff alleges in his complaint that "[t]he Judicial Council was given notice of criminal conduct by the Judicial branch in #01-15-90029 but has failed to act."  Compl. at 1,¶ 2.  The Court presumes that the number sequence "#01-15-90029" refers to a complaint of judicial misconduct of the same number filed in the First Circuit.  In an order dated April 26, 2016, First Circuit Judge Torruella dismissed judicial misconduct complaint number 01-15-90029 as frivolous and not cognizable, and he noted that the complainant was "an incarcerated pro se litigant" and "a frequent filer who has filed over 100 cases nationwide."  See Torruella, C.J., Order, In Re: Judicial Misconduct Complaint No. 01-15-90029, Apr. 26, 2016, available at http://www.ca1.uscourts.gov/sites/ca1/files/01-15-90029%20order.pdf (last viewed Oct. 12, 2018).  The First Circuit Judicial Council affirmed the order of dismissal.  See Judicial Council of the First Circuit, Order, Judicial Misconduct Complaint No. 01-15-90029, Sept. 21, 2016, available at http://www.ca1.uscourts.gov/sites/ca1/files/01-15-90029.J.pdf (last viewed Oct. 12, 2018).  Plaintiff's apparent designation of the Judicial Council of the First Circuit as a defendant is the only arguable basis for venue to reside in the District of Massachusetts.  The action has no other apparent connection to this District.

is the Federal Judiciary's public electronic records system, Plaintiff has filed approximately 187 civil actions in district courts throughout the country, most likely in an attempt to avoid the "three strikes" provision of the Prisoner Litigation Reform Act, see 28 U.S.C. § 1915(g), and filing restrictions placed upon him by the United States District Court for the District of Colorado, see Young v. United States, C.A. No. 14-00073-LTB, ECF No. 24 (D. Colo. Apr. 22, 2014) (requiring Young to seek permission prior to filing any civil action).[2]   As another district court has said of Plaintiff:

> The Plaintiff, who is incarcerated at USP Florence in Colorado, has an apparent strategy of filing suits in district courts across the country in an effort to evade § 1915(g).  Numerous courts have issued opinions informing Mr. Young that he is not permitted to proceed in forma pauperis.  See, e.g., In re Young, 382 F. App'x 148, 149 (3d Cir. 2010) (applying § 1915(g) and noting that "Young has worn out his welcome elsewhere"); Young v. United States, 88 Fed. Cl. 283, 291 (2009) (counting over sixty suits initiated by the Plaintiff, and stating that "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act."); Young v. United States, No. 14-CV-11930, 2014 WL 2533834, at *2 (E.D. Mich. June 5, 2014) (noting that the Plaintiff "was advised by federal district judges on at least three separate occasions that he was precluded from

---

[2]Under the Prison Litigation Reform Act, a prisoner plaintiff generally cannot proceed in forma pauperis if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(g).  Where a prisoner has "three strikes," he may only proceed in forma pauperis if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint.  Id.

> proceeding in forma pauperis ... because of these prior dismissals."); Young v. United States, No. 2:13-CV-00833, 2013 WL 6710775, at *2 (S.D. Ohio Dec. 18, 2013), report and recommendation adopted, No. 2:13-CV-00833, 2014 WL 2515586 (S.D. Ohio June 4, 2014); Young v. United States, No. 3:14-CV-0420-B, 2014 WL 1660689, at *l (N.D. Tex. Apr. 18, 2014).

Young v. Mellady, C.A. No. 5:15-14151, 2016 WL 4596355, at *1 (S.D.W.V. Sept. 2, 2016) (alteration in original).

    **B.   Review of the Complaint**

Although the filing fee is not resolved, the Court will proceed to a preliminary review of the complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity. See 28 U.S.C. § 1915A(a). The Court is required to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. 28 U.S.C. § 1915A(b).

Here, the Court will limit its assessment of the complaint to one dispositive issue: that of the sovereign immunity of the United States. The United States (including its various branches, departments, agencies, and officers sued in their official capacities) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); McCloskey v. Mueller,

4

446 F. 3d 262, 271-72 (1st Cir. 2006).  Thus, the doctrine of sovereign immunity bars this action against the Department of Justice, the United States, the Judicial Council, and Attorney General Sessions in his official capacity unless the United States has expressly consented to be sued.[3]

Plaintiff has not identified, nor can the Court discern, a waiver of the sovereign immunity of the United States relevant to this action.  In a very general sense, the Federal Tort Claims Act ("FTCA") could be applicable to some of the types of claims Plaintiff brings.  Under the FTCA, Congress waived the sovereign immunity of the United States with regard to certain claims for money damages arising from the misconduct of federal employees acting within the scope of their employment.  See 28 U.S.C. §§ 1346(b), 2671-2680; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006).  However, a plaintiff may not institute a claim under the FTCA in a federal district court until (1) the plaintiff has filed an administrative claim with the appropriate federal agency; and (2) the agency finally denies the administrative claim or six

---

[3]To the extent Plaintiff is bringing Bivens claims against the Attorney General Session in his individual capacity, Plaintiff has not alleged facts from which the Court can reasonably infer that this defendant was directly involved in any violation of Plaintiff's constitutional rights.  See, e.g., Ruiz Rivera v. Riley, 209 F.3 24, 28 (1st Cir. 2000) (stating that "respondeat superior is not a viable theory of Bivens liability").

months pass without a final denial of the administrative claim-- whichever comes first. 28 U.S.C. § 2675(a). This administrative remedy exhaustion requirement is jurisdictional, see Barrett, 462 F.3d at 38; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."), and Plaintiff does not indicate that he has fulfilled this prerequisite.

## **ORDER**

For the foregoing reasons, the Court orders that this action be **DISMISSED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: 10/25/2018